UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCKFORD MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TRUCK INSURANCE EXCHANGE, <br><br> Defendant. | No. 12 C 7549 <br><br> Judge James B. Zagel |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Rockford Mutual Insurance Company ("Rockford"), is an Illinois corporation, with its principal place of business in Rockford, Illinois. Defendant, Truck Insurance Exchange ("Truck"), is an inter-insurance exchange, organized and existing under the laws of the State of California. Rockford has brought this action for a declaratory judgment that Truck is liable under an insurance policy in connection with other litigation. Currently before me is Truck's Motion to Dismiss for lack of subject matter jurisdiction. For the following reasons, that motion is granted.

### BACKGROUND

Rockford alleges that jurisdiction is proper pursuant to 28 U.S.C. §1332, based on the existence of complete diversity of citizenship between the parties. Specifically, Rockford contends it is an Illinois corporation, and Truck is a California corporation. Rockford's Illinois citizenship is uncontested. Truck's California citizenship is disputed in the Motion to Dismiss before me.

Truck asserts that it is a citizen of Illinois for diversity purposes. Truck claims that it is not a corporation, but rather a reciprocal inter-insurance exchange, which is an unincorporated business association. Truck further asserts that its citizenship, like that of other unincorporated business entities, is determined by its members. Lastly, Truck contends that its policyholders are its members, some of whom are Illinois citizens, and therefore, Truck is an Illinois citizen. In support of this position, Truck has submitted an Affidavit of Assistant Secretary of Truck Insurance Exchange, stating that Truck is not a corporation, but an inter-insurance exchange, and that it has subscribers who are its policyholders and owners, and who are citizens of Illinois. Additionally, Truck highlights the policy filed with Rockford's Complaint identifying Truck as the insurer of an Illinois citizen and policyholder, Members Property, Inc. ("MPI"), and provides evidence from the Illinois Secretary of State's website suggesting that MPI is an Illinois corporation.

Rockford asserts that Truck is a citizen of California for diversity purposes. Rockford contends that Truck's policyholders are its customers, not its members, and thus should not be taken into account when determining Truck's citizenship. Rockford claims that Truck is a California citizen because it is organized under California law, and its principal place of business is California. Additionally, Rockford points to other filings made in this district, in which Truck has self-identified as a California citizen, as further evidence of Truck's California citizenship. Rockford argues that these prior filings prohibit Truck from asserting Illinois citizenship in the present case.

## DISCUSSION

When analyzing a motion to dismiss under Rule 12(b)(1), I accept as true all well-pled allegations and draw reasonable inferences in favor of the plaintiff. *Sladek v. Bell Sys. Mgmt.*

2

*Pension Plan*, 880 F.2d 972, 975 (7th Cir. 1992). However, the plaintiff bears the burden of establishing jurisdiction when the defendant challenges diversity jurisdiction. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447–48 (7th Cir. 2005) (citing *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997) ("That the proponent of jurisdiction bears the risk of non-persuasion is well established.")).

Furthermore, I am "not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the [Court's] jurisdiction." *Grafton Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). I "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.*

This Court has original jurisdiction over controversies between citizens of different states. *See* 28 U.S.C. §1332. Under §1332(c)(1), the citizenship of a corporation is determined by the place of incorporation or the principal place of business. The citizenship of an unincorporated association is determined by the citizenship of the members of the association. *Carden v. Arkoma Associates*, 110 S. Ct. 1015, 1021 (1990); *Guar. Nat'l Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996).

It does not appear that the Seventh Circuit has ruled on whether an inter-insurance exchange is an unincorporated business entity or a corporation; however, both the Second and Tenth Circuits have. I agree with the holdings of these courts, and find the reasoning in the Second Circuit, in particular, to be persuasive in determining that inter-insurance exchanges are unincorporated associations. In *Baer v. United Service Automobile Association*, 503 F.2d 393, 395 (2nd Cir. 1974), the Court found that the defendant, an inter-insurance exchange, was an

3

unincorporated business entity. *See also, Arbuthnot v. State Auto. Ins. Ass'n,* 264 F.2d 260, 262 (10th Cir. 1959). In so holding, the Court found the Texas Insurance Code to be dispositive on the issue of whether the defendant should have been considered a corporation for diversity purposes. *Baer*, 503 F.2d at 395. Under the Texas Code, a reciprocal inter-insurance exchange was regarded as distinct from an insurance corporation. *Id.*

Next, the Court found that the inter-insurance exchange's policyholders were its "members" for purposes of determining the entity's citizenship. *Id.* at 396. The Court pointed to the fact that the inter-insurance exchange attempted to treat its insureds as "partners in an Enterprise, rather than to deal with them on a strictly adversary basis" in support of its holding. *Id.* at 394. The Court found that "by exchanging contracts of insurance, [the members] are both the insurers and the insured. In a very real sense then, when a disgruntled policyholder sues the reciprocal, he is suing not so much the entity as he is his fellow individual members of that entity." *Id.* at 395 n. 3. Because the inter-insurance exchange's policyholders were found to be its "members" for diversity purposes, the company was found to be a citizen of every jurisdiction in which its policyholders were citizens. *Id.* at 396; *see also Carden*, 110 S. Ct. at 1021; *Guar. Nat'l Title*, 101 F.3d at 59.

The same is true here. Truck is organized as a reciprocal or inter-insurance exchange under the California Insurance Code. The California Code, like the Texas Insurance Code, draws a distinction between a reciprocal or inter-insurance exchange entity and an insurance corporation. *Compare* Cal. Ins. § 1300 (West 2012) (setting forth the structure of reciprocal insurers), *with* Cal. Ins. § 1140 (West 2012) ("Except as otherwise provided in this code, incorporated insurers are subject to the provisions of general corporate law in like manner with other corporations."). Under California law, "[a]ny persons may exchange reciprocal or inter-

4

insurance contracts with one another providing insurance…among themselves against any loss which may be insured against any other provisions of law." *See* Cal. Ins. § 1300. "Such persons are termed subscribers." *See* Cal. Ins. § 1301. Consistent with *Baer*, I am satisfied that California inter-insurance exchanges like Truck are intended to be treated as unincorporated associations. *See Baer*, 503 F.2d at 395.

Rockford argues that even if Truck is an inter-insurance exchange, its policyholders are not its members but its customers. This assertion is in tension with the fact that Truck's policyholders contract with each other to exchange policies of insurance. Akin to the members in *Baer*, Truck's policyholders are both insurers and insured. *Id.* at 395 n. 3. The insurance policy between Truck and Members Property Inc ("MPI") reflects that the subscriber, MPI, "agree[d] with Truck Insurance Exchange and other subscribers thereto through their and each of their attorney-in-fact, Truck Underwriters Association, to exchange with all other subscribers' policies of insurance . . . " Complaint at Exhibit A. The policy further provides that "[w]herever the word 'subscriber' is used the same shall mean *members* of the Exchange." *Id.* (emphasis added). Like the defendant in *Baer*, Trucks treats its policyholders as partners in an enterprise, rather than adversaries. *See Baer*, 503 F.2d at 394. This is sufficient to persuade me that Truck's policyholders are most appropriately understood as "members" for purposes of determining Truck's citizenship.

Rockford asserts that I should follow the reasoning in *Garcia v. Farmers Insurance Exchange*, 121 F. Supp. 2d 667, 670 (N.D.Ill. 2000), which arguably takes a different view. The *Garcia* Court found that the citizenship of an inter-insurance exchange's policyholders is immaterial because its policyholders are not, in fact, its members. *Id.*

> But even if every individual citizen of Illinois had a policy with the Exchange it would not matter. The subscribers or policyholders are its customers, not its

5

>members. I do not become a member of a business association merely by entering into a contractual relationship with it for the purchase of goods, services, or insurance protection.

*Id.* at 669.

It does not appear that the parties in *Garcia* presented the Court with the nature of the relationship between the insurers and insured, however, nor did they ask the Court to consider the significance of this relationship. I find the relationship between insurers and insured to be the salient point in concluding that the policyholders of an inter-insurance exchange are indeed its members, and distinct from mere "customers." The Court in *Garcia* did not closely consider this relationship, and I am ultimately unpersuaded by the *Garcia* Court's holding.

Lastly, Rockford makes one additional, relatively novel argument. In other cases in this District, Truck asserted that it was a California citizen. As Rockford would have it, Truck made a strategic choice to invoke California citizenship in those cases in order to defend diversity jurisdiction. Rockford argues that Truck can't have it both ways, and in essence, should be estopped from asserting Illinois citizenship in the present case.

There is no indication, however, that Truck's assertion of California citizenship in the previous cases was not in good faith. To be sure, Truck is now asserting Illinois citizenship. But Truck is now represented by different attorneys who have conducted their own good faith legal analysis, and I do not see why Truck should be bound by legal analysis made in the context of unrelated litigation by its previous attorneys. In any event, Rockford points to no binding authority in support of its contention, and what little authority Rockford does cite is not persuasive on this point.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: March 19, 2013